```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE


IN RE:                         ) Chapter 11
                               )
ADVANCED MARKETING             ) Case No. 06-11480 (CSS)
SERVICES, INC.,                )
                               ) Wilmington, Delaware
           Debtor.             ) February 28, 2008
                               )


                     TRANSCRIPT OF HEARING
           BEFORE THE HONORABLE CHRISTOPHER SONTCHI,
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor:           PAUL N. HEATH, ESQUIRE
                          CHUN I. JANG, ESQUIRE
                          Richards, Layton & Finger, P.A.
                          One Rodney Square
                          920 North King Street
                          Wilmington, Delaware   19801

For Committee:            BRUCE D. BUECHLER, ESQUIRE
                          Lowenstein Sandler, P.C.
                          65 Livingston Avenue
                          Roseland, New Jersey   07068

Audio Operator:           NICOLE SCHAEFER

Transcribed by:           DIANA DOMAN TRANSCRIBING
                          P. O. Box 129
                          Gibbsboro, New Jersey   08026
                          Off: (856) 435-7172
                          Fax: (856) 435-7124
                          Email:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

I N D E X

ARGUMENT:

By: Mr. Buechler                    3

1       CLERK:  All rise.

2       THE COURT:  Please be seated.  Good morning.

3       MR. HEATH:  Good morning, Your Honor.  Paul Heath of
4  Richards, Layton & Finger on behalf of the debtors.  Your
5  Honor, I don't think we have, you know, a long agenda today.
6  But, it may make sense to handle the last matter first, which
7  are the final fee applications.  We do have sev -- we have
8  professionals -- representatives for the various professionals
9  on the phone.  And, if we handle that first, we may be able to
10 dismiss them from the balance of the hearing.

11      THE COURT:  Okay.

12      MR. HEATH:  So, with that, Your Honor, I would -- I
13 would suggest that we proceed with the final fee applications
14 first.  There are representatives for each of the professionals
15 either on the phone or in the courtroom.  There were no
16 objections -- formal objections to any of the final fee
17 applications.  And, I assume that Your Honor may have some
18 questions for the various professionals to address.

19      THE COURT:  Actually, no, I don't.  I don't have any
20 questions.

21      MR. BUECHLER:  Your Honor, Bruce Buechler from
22 Lowenstein Sandler.  After we filed our final fee application
23 and did our first monthly thereafter, we noticed we had 4.4
24 hours of time from October that were not included within the
25 final fee application.  We have provided a copy of those time

1    records to debtor's counsel and others and wanted to request
2    the Court if we could include those 4 hours or ask the company
3    simply -- the liquidating trust to pay them.  It's 4.4 hours of
4    time.
5               THE COURT:  Is it reflected in the order Mr. Heath is
6    going to send up?
7               MR. BUECHLER:  We can hand write that in if you'd
8    like or --
9               THE COURT:  Well, how much money are we talking
10   about, Mr. Buechler?
11              MR. BUECHLER:  It's probably about 1500 bucks, not
12   very much, Your Honor.
13              THE COURT:  All right.
14              MR. BUECHLER:  But, the -- Mr. Smith, who is the plan
15   administrator, just simply asked that, instead of him paying
16   it, he asked if I would raise it with the Court.  And, if the
17   Court --
18              THE COURT:  No, no, I don't want him to pay it.
19              MR. BUECHLER:  No, it hasn't been paid.
20              THE COURT:  Oh.
21              MR. BUECHLER:  But, we discussed it, and he -- you
22   know, it was recommended, and we decided that we would raise
23   the issue with Your Honor.  It's not a lot of time, so --
24              THE COURT:  Well, if you want to hand write it in,
25   that's fine.

1    MR. BUECHLER: Thank you, Judge.
2    MR. HEATH: Your Honor, I do have a form of order
3 which I'll present after Mr. Buechler --
4    THE COURT: All right.
5    MR. HEATH: -- adds his additional time.
6    THE COURT: All right. Anyone that's on the phone
7 for fee applications can hang up.
8    MALE SPEAKER: Thank you.
9    MALE SPEAKER: Thank you.
10    FEMALE SPEAKER: Thank you, Your Honor.
11    MR. HEATH: Thank you, Your Honor.
12    THE COURT: Uh-huh.
13    MR. HEATH: Turning to the balance of the agenda,
14 items 1 through 5 are continued, Your Honor. We do continue to
15 make progress with respect to those various claims objections.
16 We are resolving them on a one off basis, Your Honor. And, I
17 do expect that at least two or three more of those should be
18 removed from the agenda by the next hearing.
19    THE COURT: Okay.
20    MR. HEATH: With respect to items number 6 and 7,
21 Your Honor, we did --
22    THE COURT: I signed those this morning.
23    MR. HEATH: Thank you very much. And, that will take
24 us to item number 8. And, Mr. Jeng of our office will address
25 the Court with respect to that claim objection.

1       THE COURT:  Okay.

2       MR. JENG:  Good morning, Your Honor.

3       THE COURT:  Good morning.

4       MR. JENG:  For the record, Chun Jeng of Richards, Layton & Finger on behalf of the debtors.  We did receive one response to the debtor's 11th omnibus objection from Mark Fabiani, LLC.  And, the response indicated that Mr. Fabiani had received notice nearly days before filing his objection.

5       We did look on the docket and noticed that Epic (phonetic) had served Fabiani, LLC with the bar date notice.  However, in preparing for the hearing this morning, I did notice that the bar date notice was served to a slightly different address than the one from his response.  So, we would like to continue that matter to confirm whether or not he did, in fact, receive the bar date notice.

6       THE COURT:  So, it was sent to the La Jolla address or --

7       MR. JENG:  They were -- yes, it was -- they were both sent to the La Jolla address.  But, there's two different La Jolla addresses.

8       THE COURT:  6002 Beaumont as opposed to 939 Coast Boulevard?

9       MR. JENG:  Correct, Your Honor.

10      THE COURT:  All right.  All right.  So, you want to continue that matter?

1  MR. JENG: Correct.
2  THE COURT: Okay.
3  MR. JENG: I do have a form of order here, but it
4  does not have Mr. Fabiani's claim redacted. So, we can submit
5  that under a certification of counsel.
6  THE COURT: All right.
7  MR. JENG: Other than that, we had no further
8  responses.
9  THE COURT: Okay.
10 MR. JENG: That's all we have, Your Honor.
11 THE COURT: All right. So, you'll continue that to
12 what, is it March 13th? What's the date?
13 MR. JENG: I believe it's March 28th.
14 THE COURT: March 28th. I'm sorry. I'm thinking of a
15 different matter. All right.
16 MR. HEATH: The basis for our objection was that it
17 was late filed, Your Honor. So, with that discrepancy in the
18 address, we were uncomfortable going forward today. So, --
19 Your Honor, I do have a revised form of final fee order. And,
20 with respect to the Lowenstein Sandler fees, Mr. Buechler has
21 written in to total compensation requested the following:
22 "Plus 4.4 hours of additional time". I don't think that Mr.
23 Buechler has the actual dollar amount, but --
24 THE COURT: That's fine.
25 MR. HEATH: -- that would be acceptable.

1       THE COURT:  I trust him.
2       MR. HEATH:  May I approach?
3       THE COURT:  Come on up.
4       MR. BUECHLER:  Thank you, Judge.
5       THE COURT:  You're welcome.  (Pause).  Okay.
6       MR. HEATH:  And, that's all we have for today, Your
7   Honor.
8       THE COURT:  Thank you.  The hearing is adjourned.
9       MR. HEATH:  Thank you.
10
11                          * * * * *
12
13                     <u>C E R T I F I C A T I O N</u>
14
15      I, Frances L. Maristch, court approved transcriber,
16  certify that the foregoing is a correct transcript from the
17  official electronic sound recording of the proceedings in the
18  above-entitled matter.
19
20
21  _____        _____
22  DATE                          FRANCES L. MARISTCH
23
24
25